Thank you, Your Honor, and may it please the Court. Devin Anderson, appointed pro bono on behalf of Mr. Richardson here. Under Nettles, Mr. Richardson's claims are not actually habeas claims, and so arise, if at all, under Section 1983. In concluding otherwise, the District Court erred. The government agrees. That leaves the question, I think, for this Court, of remedy, and what form the direction to the District Court should be on remand. Should the Court keep the current dismissal with prejudice in place? Mr. Richardson runs the risk of having his claims be time-barred because he filed his habeas petition in 2016 timely, but because he bounced around trying to diligently throughout this process comply with the District Court's directives to, for example, exhaust the claims as habeas claims, he would run the risk of being time-barred should this dismissal with prejudice remain in place and he be forced to file a brand-new action that could potentially be subject to a statute of limitations defense. Both the text and tenor of Nettles directs that when a petitioner mistakenly asserts Section 1983 claims as habeas claims, District Courts should avoid prejudicing that petitioner, and I think especially in this case where you have a petitioner like Mr. Richardson who has diligently tried to comply with potentially competing directives that he's received throughout this process. We think that the best option for Mr. Richardson going forward is for this Court to reverse the dismissal of his habeas claims with prejudice and direct the District Court to give him leave to amend those claims, amend that petition, essentially treating that petition as a first complaint and then allowing him to amend the complaint to assert his claims under Section 1983. And that's the approach this Court took in the Woods v. Valenzuela case where it reached the same conclusion that the claims arose under 1983, not habeas, and so the proper course was leave to amend. Alternatively, Nettles describes the option, going back to the Supreme Court's decision in Willwarding, of converting the habeas petition into a 1983 complaint. Now, Nettles cautions that because of the PLRA and some of the additional requirements that prisoners have to comply with in order to bring Section 1983 claims, that conversion option may not always make a lot of sense. Here, however, we have a very unique situation where Mr. Richardson actually attached a Section 1983 complaint, complete with a civil cover page, a complaint that seeks damages and injunctive relief, the proper form of relief for a Section 1983 claim, to his habeas petition. But doesn't Nettles tell us that we should let the judge make that determination about the conversion? So rather than just simply doing it ourselves, give back to the judge to determine whether that should be converted to the 1983, then if the judge makes that determination, you go forward. I think that's exactly right. Our point is the conversation never happened. Nettles contemplates a discussion between the District Court and the mistaken habeas petition about, well, what's going to happen going forward, right? There are three strikes rules that come into place for Section 1983 claims. The point here is that conversation didn't happen, and I think the District Court, if you look at the District Court's opinion in this case, was trying to be solicitous to Mr. Richardson, especially in light of the Northern District of California decision, and Mr. Richardson's, I think, throughout this case, diligent attempts to comply with the Court's directives. So I think that conversation can and should happen, in the first instance, at the District Court level. And I think that's what we would request, is that the dismissal with prejudice be reversed and then the District Court, with Mr. Richardson, engage in that discussion as to whether he would like to amend the habeas petition to assert a 1983 complaint or whether he would prefer that the 1983 complaint that he already prepared be treated as operative for those purposes. I think the worst possible outcome is the current outcome, where he's got a dismissal with prejudice, and so if he wanted to bring a 1983 complaint, he would have to file a new action and run the risk of those claims being time-barred. If the Court doesn't have any further questions, I'll reserve the balance of my time. You may. Thank you. Thank you. Good morning, Your Honor. Good morning. Deputy Attorney General Charles Chung for Respondent Appellee. As set forth in our brief, if we concede with petitioner's position that the District Court lacked habeas jurisdiction and that it should not be adjudicated on the merits, so I would submit that that judgment should be reversed. The question, however, on appeal is whether it should have been adjudicated on the merits or whether it should be dismissed without prejudice. As Your Honor pointed out, it is in the District Court's discretion. My interpretation of the certificate of appealability is that District Court made that determination and did not ask should it afford Mr. Richardson an opportunity to amend or convert the petition, rather dismiss without prejudice to file a new complaint, and that is precisely what should be done here. Well, how do we know exactly what happened? What would be the harm in just sending it back to the District Court and let the District Court make that decision, and the District Court may decide that there's a dismissal and then you must file a new complaint, or given the circumstances here, there's an amendment that relates back? We don't know the answer to that question, but why not let the District Court tell us precisely what its view is on that? I mean, there's no sort of harm to anybody, right? Right, Your Honor. I'm not going to argue that there would be any harm. But as far as a civil rights complaint, Mr. Richardson has been paroled, and if he is raising 1983 claims as to the procedures, practices, and policies, those defendants would be in Sacramento, and it would not appear that the Central District Court would be the proper court to entertain or adjudicate such a complaint. But then the court could figure that out rather than us. All right. So there's really nothing for us to do on that, right? I appreciate your candor. Thank you. Thank you, Your Honor. I don't think you want to rebut. Just two points briefly. I think the ---- You could just say thank you and sit down, but that's your choice. No, that is fair enough, Judge McKeown. I think to the extent that the government wants to raise any potential claims or defenses, I think that can all happen in front of the district court as part of the district court's consideration of what the right course should be. I think our argument remains that the district court should have that conversation in the first place, and so we would respectfully request that this court reverse the judgment and direct the court, consistent with Nettles, to have a discussion with Mr. Richardson about how best to bring forward those 1983 claims. Thank you. Thank you. Thank both counsel. I would also like to thank Mr. Anderson, especially because we did appoint you as pro bono counsel, and it's very helpful not only to us but to the state to have good briefing in this, and I also appreciate the collegiality between counsel here. Richardson v. Board of Prison Hearings is submitted.
judges: Farris, McKeown, Kendall